IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WESTLY WADE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. ADC-21-2452 |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant United States of America ("Defendant" or the "Government") moves this Court to dismiss Plaintiff Westly Wade's ("Plaintiff") Complaint (ECF No. 1), for lack of jurisdiction. ECF No. 11.[1] Plaintiff responded in opposition, asserting that Defendant should be equitably estopped from challenging this Court's jurisdiction. ECF No. 12. Defendant then replied. ECF No. 13. After considering Defendant's Motion and responses thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein the Defendant's Motion is GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about May 30, 2019, Plaintiff was stopped in his motor vehicle, waiting to turn, when a United States Postal Service ("USPS") driver operating a USPS vehicle struck the rear end of Plaintiff's motor vehicle. ECF No. 1 ¶¶ 8–9. Plaintiff suffered personal injuries and the motor vehicle, owned by Ms. Crystal Mace, was damaged. ECF No. 12-1 at 1. On June 6, 2019, Plaintiff,

---

[1] On September 28, 2021, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings pursuant to Standing Order 2019-07. ECF No. 4. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 10.

1

through counsel, contacted USPS to put USPS on notice of the incident. *Id.*; ECF No. 11-1 at 2. Plaintiff then completed a Standard Form 95 Claim for Damage, Injury, or Death ("SF 95"), which USPS received on June 11, 2019. ECF No. 11-1 at 2; ECF No. 12-1 at 2. On June 10, 2019, Mr. Robert "Lance" Hindle, a Tort Claims Coordinator with USPS, wrote to Plaintiff's counsel and provided instructions for the SF 95 form, including that Plaintiff should not leave any spaces blank and that the claim must be for a specific amount shown in the appropriate spaces. ECF No. 11-1 at 2; ECF No. 12-2 at 6–7. USPS received Plaintiff's SF 95 on June 11, 2019. ECF No. 12-1 at 2; ECF No. 11-1 at 2. Plaintiff's SF 95 did not provide an amount for personal injuries or a total amount for all damages; it instead stated that Plaintiff was "still in treatment" and the total amount was "ongoing." ECF No. 11-1 at 3; ECF No. 12-2 at 4.

On February 25, 2021, USPS received a letter from Plaintiff's counsel with a request for settlement, described as both a "comprehensive" and "preliminary" demand package (hereinafter the "Demand Package"). ECF No. 11-1 at 3; ECF No. 12-2 at 8. On March 23, 2021, Plaintiff's counsel received a letter from Ms. Shauna Snyder, a Torts Claims Examiner/Adjudicator with USPS, explaining that Plaintiff's administrative claim filed on February 25, 2021 was assigned to her office for adjudication and that she was in the process of reviewing the claim. ECF No. 12-2 at 13. On March 31, 2021, USPS then received a supplemental letter from Plaintiff's counsel with an additional medical record (dated March 19, 2021). ECF No. 11-1 at 3; ECF No. 12-1 at 2. Plaintiff further contends that Ms. Snyder spoke with a paralegal at the office of Plaintiff's counsel on May 6, 2021 and explained, *inter alia*, that she had received the Demand Package, that it would take six months or more to adjudicate the claim, and that Plaintiff did not need to do anything further at that time. ECF No. 12-1 at 3.

2

Plaintiff brought action in this Court on September 24, 2021 alleging negligence and asserting respondeat superior liability against Defendant. ECF No. 1. ¶¶ 7–17. On November 22, 2021, Defendant then moved for dismissal, challenging this Court's jurisdiction. ECF No. 11. Plaintiff responded in opposition, and Defendant replied. ECF Nos. 12, 13.

## DISCUSSION

### A. Standard of Review

1. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(1). "A motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of whether the court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D.Md. 2005). Plaintiff bears the burden of establishing the Court's subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Defendant may make a facial challenge to subject matter jurisdiction, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). When reviewing a facial challenge to jurisdiction, the Court accepts the complaint's allegations as true and denies the motion "if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

### B. Defendant's Motion

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claim brought under the Federal Tort Claims Act ("FTCA") because Plaintiff did not properly present his claim to USPS with the "sum certain" value of his personal injuries in his SF 95 form. ECF No. 11-1 at 4. Defendant further argues that the alleged amount of property damage may not sustain

3

Plaintiff's claim because he was not the owner of the damaged property, nor the owner's duly authorized agent, or legal representative. *Id.* at 7. With regard to property damages, Plaintiff states that he has made no claim for property damage in the present action. ECF No. 12-1 at 12. Accordingly, the Court construes Plaintiff's claim as one solely for personal injuries, and it need not consider Defendant's arguments related to the alleged property damage.

"Sovereign immunity can be waived only by the sovereign [and] the circumstances of its waiver must be scrupulously observed and not expanded by the courts." *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (citing *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979)). In particular, the FTCA "creates a limited waiver of the United States' sovereign immunity by authorizing damages actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment." *Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006) (citing 28 U.S.C. § 1346(b)(1)). Plaintiff "bears the burden of demonstrating the waiver of sovereign immunity under the FTCA including the inapplicability of any exceptions." *Johnson v. United States*, No. CIV. WDQ-14-0582, 2014 WL 6490238, at *2 (D.Md. Nov. 18, 2014). In particular, before filing suit under the FTCA in federal court, the Plaintiff must properly present his administrative claim to the appropriate federal agency within two years of the alleged incident. 28 U.S.C. § 2401(b). *See Kokotis*, 223 F.3d at 278. "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986)).

Here, Plaintiff does not appear to argue that he provided a claim for money damages in a sum certain to USPS, but instead asserts that Defendant must be equitably estopped from challenging subject matter jurisdiction in this action because USPS accepted his administrative claim for adjudication and failed to provide any notification that the claim was incomplete. ECF

No. 12-1 at 6–7. Plaintiff does state, however, that he "properly presented an administrative claim by filing an SF-95 form and subsequently, an appended demand package." *Id.* at 6. The Court will therefore consider both whether Plaintiff properly presented his claim and, if not, whether Defendant should be equitably estopped from asserting that this Court lacks jurisdiction.

1. Plaintiff's Administrative Claim

Plaintiff must have properly presented his claim to USPS in order for this Court to have subject matter jurisdiction over the action. A claim is properly presented where "the government receives a completed SF 95 (or other written notification of an incident), *and* 'a claim for money damages *in a sum certain.*'" *Kokotis*, 223 F.3d at 278 (emphasis in original) (quoting 28 C.F.R. § 14.2(a)). Plaintiff must provide notice that "is sufficient to enable the agency to investigate" and that "places a 'sum certain' value on [his] claim." *Ahmed*, 30 F.3d at 517 (quoting *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir.1990)).

Defendant and Plaintiff both discussed the relevant case law in this jurisdiction that guides the Court's analysis. *See* ECF No. 11-1 at 5; ECF No. 12-1 at 8–10. In *Kokotis*, the United States Court of Appeals for the Fourth Circuit analyzed whether a plaintiff had properly presented her claim when she submitted her SF 95 without the personal injury damages amount stated, then provided supplemental letters detailing damages before the statute of limitations had expired, and finally sent a revised SF 95 with a sum certain amount in personal injury damages after the statute of limitations had passed. 223 F.3d at 278.

The plaintiff in *Kokotis* argued that her amendment to her claim should relate back to her original filing date, but the Fourth Circuit disagreed. Relevant here, the Fourth Circuit explained:

> An amendment of a claim can only occur if a complete claim, including a sum certain, is filed before the statute of limitations expires. *See* 39 C.F.R. §§ 912.3 & 912.5 (1999). The regulation states that "a claim shall be deemed to have been presented when the U.S. Postal Service receives ... *a claim for money damages in*

5

> *a sum certain ....*" 39 C.F.R. § 912.5(a) (emphasis added). Since Kokotis' December 1995 filing did not include a sum certain, it was not "presented" within the meaning of § 912.5(a). The regulation further states that only a "claim *presented in compliance with [§ 912.5(a)]* " can be amended before final agency action. 39 C.F.R. § 912.5(b) (emphasis added).

223 F.3d at 280. The plaintiff's original SF 95 filing did not include a sum certain, therefore she could not amend the claim because it was not in compliance with 39 C.F.R. § 912.5(b). *Id.*

While here Plaintiff's supplemental documents on personal injury damages, including the Demand Package, were submitted within the statute of limitations, the Fourth Circuit's reasoning still guides the Court's decision. Plaintiff's initial SF 95 submission was incomplete because it lacked a sum certain amount for Plaintiff's money damages. *See* 39 C.F.R. § 912.5. It was thus "not 'presented' within the meaning of § 912.5(a)." *See Kokotis*, 223 F.3d at 280. Plaintiff's claim could only have been amended by further documents if the original filing had complied with the 29 C.F.R. § 912.5 requirements. *See id.* Plaintiff's original filing did not comply with the presentation requirements because his SF 95 did not include a sum certain amount, and thus the additional documents he submitted, like the Demand Package, could not amend his initial filing. The Court is obligated to "scrupulously observe[]" the circumstances of waiver and may not expand its application, as it would be obligated to do so here. *See Kokotis*, 223 F.3d at 278; *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999) ("[A] waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign.").

Moreover, Plaintiff "bears the burden of demonstrating the waiver of sovereign immunity under the FTCA including the inapplicability of any exceptions," *see Johnson*, 2014 WL 6490238, at *2–3, yet Plaintiff offers little argument to demonstrate to the Court that his Demand Package constituted a sum certain amount. Instead, Plaintiff argues that USPS treated his claim as complete and thus should be estopped from claiming the Court lacks jurisdiction here. Thus, Plaintiff has

6

not shown that he provided a sum certain amount in compliance with 39 C.F.R. § 912.5 to warrant the limited waiver of sovereign immunity under the FTCA.

2. Applicability of the Doctrine of Equitable Estoppel

Turning then to Plaintiff's main argument, the Court now considers whether Defendant is equitably estopped from asserting that this Court lacks subject matter jurisdiction because USPS accepted Plaintiff's claim as properly presented. ECF No. 12-1 at 6. Plaintiff contends that USPS's actions created a trap, upon which Plaintiff relied, because the purpose of the FTCA administrative requirements is to provide notice to USPS, not "put a barrier or technicalities to defeat [Plaintiff's] claims."[2] *Id.* at 10–11 (quoting *Munger v. United States*, 116 F.Supp.2d 672, 676 (D.Md. 2000)).

As an initial matter, this Court has previously stated that "a federal court cannot estop the Government from contesting subject-matter jurisdiction." *Kone v. Ashcroft*, No. CIV.PJM 04-1996, 2004 WL 2944186, at *2 (D.Md. Nov. 16, 2004) (citing *Est. of Kunze v. Comm'r*, 233 F.3d 948, 952 (7th Cir. 2000)). *See Palmer v. Comm'r*, 62 F.App'x 682, 685 (7th Cir. 2003) ("[A] party cannot be estopped from contesting subject-matter jurisdiction."). However, even if the Court were permitted to estop Defendant from contesting subject matter jurisdiction, Plaintiff's argument is still without merit. For equitable estoppel to preclude Defendant's defense, Plaintiff must show:

> (1) the party to be estopped knew the true facts; (2) the party to be estopped intended for his conduct to be acted upon or acted in such a way that the party asserting estoppel had a right to believe that it was intended; (3) the party claiming estoppel was ignorant of the true facts; and (4) the misconduct was relied upon to the detriment of the parties seeking estoppel.

---

[2] Plaintiff's contention that USPS was given sufficient notice as to the amount of his claim based on his preliminary Demand Package exceeding $80,000 does not compel a different result. *See* ECF No. 12-1 at 9, 11. The Fourth Circuit in *Kokotis* explained: "No exception exists for cases where the agency might have been able to estimate the value of a claim, and courts cannot insert into the FTCA administrative process special provisions that the statute does not contain." 223 F.3d at 279.

7

*Dawkins v. Witt,* 318 F.3d 606, 611 n.6 (4th Cir. 2003). However, "[e]quitable estoppel against the government is strongly disfavored, if not outright disallowed." *Volvo Trucks of N. Am., Inc. v. United States,* 367 F.3d 204, 211 (4th Cir. 2004). "If estoppel is ever allowed against a government agency, it is only available where a government agent engages in 'affirmative and egregious misconduct' that goes beyond mere 'unprofessional and misleading conduct.'" *Greenbelt Ventures, LLC v. Washington Metro. Area Transit Auth.,* 481 F.App'x 833, 838 (4th Cir. 2012) (quoting *Kone,* 2004 WL 2944186, at *2). *See Dawkins,* 318 F.3d at 611 ("The Supreme Court has consistently denied efforts by litigants to estop the government from raising defenses based on claimants' failures to comply with governmental procedures due to misinformation from government agents.") (citing case law).

In *Dawkins,* the Fourth Circuit considered whether the following alleged misrepresentations constituted such "affirmative misconduct . . . that exceed[ed] conduct the [Supreme Court] has already deemed acceptable:" a representation from the government's agent that the government agency was not concerned about a "60 day requirement," the agency's acceptance of documents after the proscribed deadline, and the agency "proceeding to continue to address [the plaintiffs'] claim after the 60 day deadline." 318 F.3d at 611–12. Ultimately, it concluded that while the plaintiffs may have alleged "unprofessional and misleading conduct," the conduct was "no worse than that the Supreme Court has determined does not rise to a level to justify estoppel against the government." *Id.* at 612.

Here, like in *Dawkins,* while Plaintiff has alleged misleading conduct by USPS, such allegations do not rise to the level of "affirmative misconduct" to warrant estopping Defendant as the Government. *Id. See Greenbelt Ventures, LLC,* 481 F.App'x at 838 (requiring "affirmative and egregious misconduct). Plaintiff provides a letter from Ms. Snyder stating that the claim had been

8

"assigned to [her] office for adjudication" and that she was "reviewing this claim in order to make the determination." ECF No. 12-2 at 13. Plaintiff also alleges that Ms. Snyder spoke with a paralegal employed by Plaintiff's counsel and informed her that "no further action was required of Plaintiff" as of May 6, 2021. ECF No. 12-3 ¶¶ 3, 5. These statements may constitute misleading communications about the status of Plaintiff's claim, despite the fact that the communication was never that his claim was properly presented. However, as explained *supra*, such statements do not rise to the level of affirmative misconduct to justify estopping the Government. Nor does Plaintiff's reliance on *Jones v. United States*, a decision from the United States District Court for the Northern District of Indiana, change the breadth of case law in this circuit emphasizing the necessary showing for the Court to equitably estop the Government. *See* ECF No. 12-1 at 11.

Moreover, Plaintiff was informed by USPS on how to properly fill out the SF 95 and present his claim, yet he failed to observe those directions. The letter from Mr. Hindle included the instruction that "[a] claim must be for a specific amount" and "[t]hat amount must be shown in the appropriate space(s)." ECF No. 12-2 at 6–7. Moreover, the instructions on the SR 95 further specify the requirements. *See Shipley v. U.S. Postal Serv.*, 286 F.Supp.2d 657, 661 (M.D.N.C. 2003) ("Plaintiffs must file tort claims against the United States in precise compliance with the FTCA's terms." (citations omitted)). Therefore, Plaintiff has not alleged the necessary affirmative and egregious misconduct needed for the Court to estop Defendant from challenging its subject matter jurisdiction.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that Plaintiff failed to properly present his administrative claim to USPS, and the Court therefore lacks subject matter jurisdiction over this action. Plaintiff's argument that Defendant is equitably estopped from

challenging the Court's jurisdiction is without merit. Accordingly, Defendant's Motion (ECF No. 11) is GRANTED. A separate order will follow.

Date: 30 December 2021

A. David Copperthite
United States Magistrate Judge